1  MATTHEW S. CONANT, State Bar No. 094920
   msc@llcllp.com
2  JEFFREY D HOSKING, State Bar No. 163975
   jdh@llcllp.com
3  KAREN E. GIQUINTO, State Bar No. 228261
   kgiquinto@llcllp.com
4  LOMBARDI, LOPER & CONANT, LLP
   Lake Merritt Plaza
5  1999 Harrison Street, Suite 2600
   Oakland, CA  94612-3541
6  Telephone:    (510) 433-2600
   Facsimile:    (510) 433-2699
7
   Attorneys for Defendant, GREYHOUND LINES,
8  INC. (erroneously sued and served as Greyhound
   Bus Line)
9

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13  PEARLIE YOUNG-RAINIER,              Case No. C07-06200 EMC

14         Plaintiff,                   **DEFENDANT GREYHOUND LINES, INC.'S NOTICE OF MOTION AND MOTION FOR A TRANSFER OF VENUE [28 U.S.C. § 1404]; MEMORANDUM OF POINTS AND AUTHORITIES**

15  v.

16  GREYHOUND BUS LINE, DOES 1 to 10,

17         Defendants.                  Date:      January 30, 2008
                                         Time:      10:30 a.m.
18                                       Courtroom: C
                                         **Magistrate Judge Edward M. Chen**
19

20

21  I.    **NOTICE OF MOTION AND MOTION**

22        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23        Please take notice that on January 30, 2008 at 10:30 a.m. in the courtroom of Magistrate

24  Judge Edward M. Chen, located at 450 Golden Gate Avenue, San Francisco, CA 94102,

25  Courtroom C, Defendant Greyhound Lines, Inc. (hereinafter "Greyhound") will and hereby does

26  move the Court to transfer venue of the above-entitled case to the United States District Court in

27  the Northern District of Texas pursuant to 28 U.S.C. § 1404. This motion is brought on the

28  grounds that such a transfer is for the convenience of parties and witnesses and in the interest of

30407-37383 KEG 546207.1                                    DEFENDANT'S MOTION TO
                                                            TRANSFER VENUE
                                                            CASE NO. C07-06200 EMC

1  justice.

2  This motion is based on this Notice and Motion, the Memorandum of Points and
3  Authorities filed herewith, the Declaration of Jack Hollingsworth, the Declaration of Raymond
4  McQueen, pleadings and papers on file herein, and upon such other matters as may be presented
5  to the Court at the time of the hearing.

6  **II.    STATEMENT OF RELEVANT FACTS**

7  Plaintiff Pearlie Young-Rainier filed the instant lawsuit in the Superior Court of California
8  in the County of Alameda claiming negligence against Defendant Greyhound Lines, Inc. The
9  case was removed to Federal Court on December 6, 2007.

10  On December 22, 2004, Ms. Young-Rainier was traveling from Alabama to California,
11  when she allegedly tripped and fell over a parking curb on her way to re-board the Greyhound bus
12  at the bus station located in Abilene, Texas. Ms. Young-Rainier claims that the Greyhound bus
13  driver negligently parked the bus, causing her accident. Abilene is located in Taylor County,
14  which is part of the United States District Court, Northern District of Texas.[1]

15  The potential percipient witnesses in this case include Efren Tejeda, the contractor for the
16  bus station in Abilene, Texas; the manager on duty at the Abilene station; Joseph Haynes, a
17  former Greyhound bus driver; Carlos Hernandez, a Greyhound employee and Raymundo
18  Espartza a Greyhound employee. *See* Hollingsworth Dec. ¶ 4. These five witnesses are residents
19  of the State of Texas. *Id.* Mr. Tejeda, the manager on duty and Mr. Haynes are not employees of
20  Greyhound and therefore not under its control.

21  **III.   LEGAL ARGUMENT**

22  **A.   Authority for Motion**

23  The Court has the discretion to transfer any civil action upon motion for the convenience
24  of the parties and witnesses. 28 U.S.C. § 1404.

25  **B.   This Case Should be Transferred on Inconvenience Grounds**

26  A Court has the discretion to transfer a case on inconvenience grounds when the moving
27  party shows that the proposed transferee court is one where there is proper subject matter

---

[1] Greyhound requests that judicial notice of this geographical fact be taken.

30407-37383 KEG 546207.1        - 2 -        DEFENDANT'S MOTION TO TRANSFER VENUE
CASE NO. C07-06200 EMC

jurisdiction, personal jurisdiction and proper venue. *Hoffman v. Blaski* (1960) 363 U.S. 335, 343-344. In determining convenience, courts look to the following factors to determine whether a motion under 28 U.S.C. § 1404 should be granted: (1) the convenience of the parties, (2) the convenience of the witnesses, (3) the interests of justice and (4) whether the action might have been brought in the proposed transfer district, here the Northern District of Texas. *See* 28 U.S.C. § 1404(a); *E.&J. Gallo Winery v. F.&P. Sp.A.* (ED CA 1994) 899 F.Supp. 465. This fourth factor requires a showing that the proposed jurisdiction would have had subject matter jurisdiction, that defendant would have been subject to personal jurisdiction and that venue would have been proper. *Hoffman, supra,* 363 U.S. at 343-344.

Ms. Young-Rainier will likely argue that her convenience warrants venue in the Northern District of California and that her choice should be given deference. Concededly, a plaintiff's choice of forum is given weight in deciding a motion to transfer venue. However, plaintiff's choice of forum is not dispositive or absolute. *Lewis v. ACB Business Services, Inc.* (6th Cir. 1998) 135 F.3d 389, 413; *Collins v. JCPenney Life Insurance Company* (N.D. 2002) 2002 U.S. Dist. Lexis 5676 at 9. ". . . [I]f the transactions giving rise to the action lack a significant connection to the plaintiff's chosen forum, then the plaintiff's choice of forum is given considerably less weight." *Collins* at 9; see also *Hernandez v. Graebel Van Lines* (E.D.N.Y. 1991) 761 F.Supp. 983, 990 (granting change of venue even where plaintiff was a resident of the chosen forum).

Here, plaintiff's Alameda County Superior Court case was removed and venued in the Northern District because 28 U.S.C. § 1441 (a) required removal to the district in which the state action was pending. However, the trip and fall occurred in Abilene, Texas, located in the Northern District of Texas. Accordingly, little weight should be given to any "alleged" choice of forum argument by plaintiff. Moreover, the majority of the witnesses, including employees of Greyhound, reside in the state of Texas. *See* Hollingsworth Dec. ¶ 4. The inconvenience to Defendant, not only of the cost, but also the loss of time worked by sending its employees to California to testify at the time of trial greatly outweighs any inconvenience to plaintiff. Any of the minor inconvenience which plaintiff may suffer is clearly outweighed by other factors

1   necessitating a change of venue.

2   At this early stage in the litigation, Greyhound anticipates that it will need to call at least five witnesses who reside in the state of Texas to give testimony concerning this matter. *See* Hollingsworth Dec. ¶ 4. The anticipated testimony of these individuals will relate to the underlying facts and circumstances of Ms. Young-Rainier's fall. *Id.* Accordingly, the convenience of the witnesses in this case clearly dictates that the proper forum is the Northern District of Texas.

The purpose of a convenience transfer "is to prevent the waste 'of time, energy, and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack,* (1964) 376 U.S. 612, 616 (citations omitted). Clearly, the number of witnesses located in the Northern District of Texas evidence that time, energy and money will be saved if the forum is the Northern District of Texas. Witnesses will not need to spend needless time flying to Oakland. The litigants will not need to spend needless money to get these witnesses to Oakland. Certainly the litigants could travel to Texas to conduct depositions, but that too will cost plaintiff considerable time, energy and money. Moreover, getting these witnesses to Oakland for trial will be quite expensive.

Finally, the fourth factor is clearly met as this case could have been brought in the Northern District of Texas. The Northern District of Texas would have had subject matter jurisdiction over this case because diversity is not destroyed. Second, Greyhound Lines, Inc. would be subject to personal jurisdiction because its principal place of business is located in Dallas, Texas and due to its statewide operations in Texas. *See* Declaration of Raymond McQueen ¶ 2. Finally, venue would have originally been proper in the Northern District of Texas since the events giving rise to this action occurred in Abilene, Texas, which is located in the Northern District of Texas. As the factors set forth above balance in favor of a transfer under 28 U.S.C. § 1404 to the Northern District of Texas where the incident giving rise to this lawsuit and where the witnesses are located, the Court should grant Greyhound Lines, Inc.'s motion and order such a transfer.

## VII. CONCLUSION

The factors set forth above balance in favor of a transfer under 28 U.S.C. § 1404(a) to the Northern District of Texas where the incident giving rise to this lawsuit occurred and where the witnesses are located. Accordingly, Defendant Greyhound Lines, Inc. respectfully requests that the Court transfer this case to the Northern District of Texas on the grounds that California is an inconvenient forum.

Dated:   December 10, 2007                    LOMBARDI, LOPER & CONANT, LLP


By:   /s/ Karen E. Giquinto
    KAREN E. GIQUINTO
    Attorneys for Defendant, GREYHOUND LINES, INC. (erroneously sued and served as Greyhound Bus Line)

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30407-37383 KEG 546207.1          - 5 -          DEFENDANT'S MOTION TO TRANSFER VENUE
CASE NO. C07-06200 EMC